### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Katelyn Abbott-Marsh, *individually and on behalf of a class of similarly situated individuals* | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Plaintiff, | <u>JURY TRIAL DEMANDED</u> |
| vs. | No. _____ |
| Arnot Health, Inc., | |
| Defendant. | |

Plaintiff Katelyn Abbott-Marsh, individually on behalf of herself and all others similarly situated, by and through counsel, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

### <u>INTRODUCTION</u>

1.      This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs; declaratory and injunctive relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), on behalf of Plaintiff and similarly situated current and former employees employed by against Defendant Arnot Health, Inc. (hereinafter also referred to as "Arnot" or "Defendant"), and who elect to opt into this action pursuant to 29 U.S.C. §216(b) (the "FLSA Collective" as hereinafter more fully defined).

2.      This action also seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, and any other appropriate relief, under various provisions of New York labor laws (hereinafter "NYLL"), including New York's Wage Theft Prevention Act, New York Labor Law §§ 160, 191, 193, 198, as well as the implementing regulations thereunder as set forth hereinafter, on behalf of Plaintiff

and similarly situated current and former employees employed by Defendant in New York (the "State Law Class" as hereinafter more fully defined).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.      This Court has supplemental jurisdiction over Plaintiff's claims under New York state law because the claims brought by Plaintiff, with respect to the claims she seeks to assert based on her state of employment, are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant has its principal place of business and resides in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

6.      Plaintiff Katelyn Abbott-Marsh is an individual and a resident of the State of New York. Plaintiff Abbott-Marsh has completed an "Opt-In Consent Form" which is filed as Exhibit A to this Complaint and is incorporated by reference herein.

7.      Defendant Arnot is a New York not-for-profit corporation with its headquarters and principal place of business at 600 Roe Avenue, Elmira, New York 14905.

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

8.      Defendant Arnot holds itself out as "offer[ing] a wide range of inpatient, outpatient, and physician services in the Southern Tier of New York and Northern Tier of Pennsylvania."[1]

---

[1] https://www.arnothealth.org/services (last accessed Nov. 27, 2023).

9.     Defendant Arnot operates three Arnot Health Hospitals, located in Elmira and Bath, New York and walk-in clinics located in Horseheads, Painted Post, and Elmira, New York.[2]

10.    Defendant Arnot is an "employer" of Plaintiff and other members of the FLSA Collective and State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and New York Law.

11.    Defendant Arnot utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purpose.

12.    At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

13.    At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14.    Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

15.    Defendant was an employer of Plaintiff and other members of the FLSA Collective and State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

## Plaintiff's, the FLSA Collective's and State Law Class's Non-Exempt Employment Statuses with Defendant

16.    Plaintiff Abbott-Marsh is employed by Defendant as a Patient Access Representative at its Arnot Ogden Medical Center in Elmira, New York.

---

[2] https://www.arnothealth.org/hospitals (last accessed Nov. 27, 2023).

17.     Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective and State Law Class, as nonexempt employees.

18.     At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and New York Law.

19.      At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Defendant's Failure to Pay Wages as a Result of Defendant's Rounding Policy

20.     Defendant uses an automated time keeping and payroll system commonly known as Kronos. Plaintiff Abbott-Marsh and other members of the FLSA Collective and State Law Class are expected to clock in and out at the beginning and end of their shifts at Defendant's locations.

21.     Defendant has consistently failed to pay Plaintiff Abbott-Marsh and other members of the FLSA Collective and State Law Class for all hours, including overtime and non-overtime hours, worked at Defendant's locations.

22.     More specifically, at Defendant's health care facilities, Defendant implemented time rounding/editing policies and/or practices, and/or other time manipulation procedures in conformity with these policies/practices, that lead to less time paid than time worked for Plaintiff Abbott-Marsh and other members of the FLSA Collective and State Law Class.

23.     Defendant Arnot implemented a policy in which employees are expected to clock in up to seven (7) minutes early, which is then rounded down in favor of Defendant. Employees are instructed not to clock in more than seven (7) minutes early because the time would then be rounded in the employee's favor, triggering overtime. Similarly, employees are instructed not to

clock out more than seven (7) minutes late, as this would cause the time to be rounded in the employee's favor, triggering overtime.

24.     Employees are told that they will be penalized if they clock in one minute late or clock out one minute early, whether or not they clocked-in early.

25.     Specifically, on May 23, 2023, Kristen Runyan, Systems Director Patient Access for Defendant, circulated an email to employees, including Plaintiff Abott-Marsh, explaining the policy:

> Timecards: clocking in and out. You are expected to be clocked in and at your workstation and working at your start time. As well as working until your scheduled out time. It is important to arrive on time so the shift before you can leave on time. All time off, shift swaps need to be entered into [Kronos]. Timecards need to be approved by each employee and manager by Monday. If you clock-in early, late or miss a punch, you must enter a comment in [Kronos], in this comment you need to list the reason as the time that should be entered by your supervisor. Late punches, anything past your start time, including a minute will be documented. Three lates are an occurrence and appropriate action will be taken by your supervisor. Going forward there is no [overtime] unless approved by a Patient Access Supervisor or Director. Timecards have become a hot topic for Senior Management and [Kronos] will be utilized more going forward.

26.     When Plaintiff Abbott-Marsh asked her supervisor, Anaida Perez, about the policy, she was told, "if you punch in at 10:31 [for a 10:30 shift] you will be considered late because you are expected to be at your desk ready to work by your scheduled shift."

27.     Before their shift starting times, Plaintiff Abbott-Marsh and other members of the FLSA Collective and State Law Class regularly begin work and perform the principal activities of their jobs, but Defendant does not pay them for all of their time worked.

28.     Likewise, Plaintiff Abbott-Marsh and other members of the FLSA Collective and State Law Class regularly work after the end of their shift times but are only paid up until their shift ending times. These employees are not paid for this time as Defendant instead paid them based on the post-edited, rounded, modified, and inaccurate and/or incomplete records which do

not include post-shift compensable work required by, performed for and to the benefit of Defendant Arnot.

29.     The manner in which Defendant Arnot set up its time-keeping system was done and continues to be done in a such way as to inherently penalize employees. Arnot only paid, and has continued to pay, workers at the shift starting time, and generally stopped, and continues to stop, paying workers at the shift ending time, regardless of the fact that workers have been clocking in and working for many minutes prior to, and after, the apparent shift times.

30.     Defendant's rounding/editing and time manipulation policies have violated and continue to violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

31.     To that end, Defendant utilizes an attendance and/or disciplinary policy to alter the seeming neutral rounding system in a manner which transforms Defendant's rounding system into a system that is substantially rigged in Defendant's favor. As a result, Plaintiff Abbott-Marsh and other members of the FLSA Collective and State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff Abbott-Marsh and other members of the FLSA Collective and State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and the provisions of New York law cited herein.

32.     In addition to Defendant's rounding/editing and time manipulation policies, Kronos automatically deducts thirty (30) minutes from each shift over six (6) hours worked by Plaintiff and the members of the FLSA Collective and State Law Class  due to the meal break requirements

of NYLL § 162, which provides, in relevant part, that an employee who works a shift of more than six hours which extends over the noon day meal period is entitled to at least thirty minutes off within that period for the meal period.

33.    However, Defendant Arnot frequently requires Plaintiff Abbott-Marsh and members of the FLSA Collective and State Law Class to skip or otherwise work through these unpaid thirty-minute breaks. The deduction is not corrected in Kronos when this occurs. Accordingly, this is additional time that Plaintiff and members of the FLSA Collective and State Law Class are performing work required by, performed for and to the benefit of Defendant Arnot without required compensation.

34.    Defendant's off-the-clock pay deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level.

35.    The additional pre- and post-shift work and thirty (30) minute break time work was compensable as overtime or straight time hours worked because the work was required by Defendant and the work was performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid on a straight time regular rate basis, nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40), as required by the FLSA and New York Labor Law § 193 (prohibiting improper wage deductions) and New York Labor Law § 160 and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2 (requiring time and a half overtime pay).

## Defendant's Record Keeping Violations

36.    The FLSA and New York law required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; NYLL § 195 (4).

37.    For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

38.    New York law also provides that every employer shall "establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing for each week worked the hours worked; the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; amount of sick leave provided to each employee… prevailing wage supplements, if any, claimed as part of any prevailing wage or similar requirement pursuant to article eight of this chapter; and net wages for each employee... For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the payroll records shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked. For all employees paid a piece rate, the payroll records shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate." NYLL § 195 (4).

39.    Defendant kept records of hours worked by Plaintiff and members of the FLSA Collective and State Law Class. However, at the time that the hours worked by Plaintiff and members of the FLSA Collective and State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift and/or break time compensable work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the FLSA Collective and State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA and violated the FLSA and New York law record keeping requirements.

### The Willfulness of Defendant's Violations

40.    By denying Plaintiff and members of the FLSA Collective and State Law Class overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and state laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of federal and state law or acted in reckless disregard as to Defendant's obligations under these laws.

41.    Accordingly, Defendant's actions were deliberate and willful, meaning reckless, within the meaning of the FLSA, and Defendant lacked a good faith basis for its actions within the meaning of New York Labor Law.

42.     Defendant's failure to compensate Plaintiff Abbott-Marsh and other members of the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207 and of New York Labor Law § 160 and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2, as well as New York Labor Law § 193 prohibiting improper deductions, and leading to violations of New York Labor Law § 191, requiring prompt payment of wages earned. Plaintiff and members of the FLSA Collective and State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260 and NYLL § 198, as well as all other statutory and other damages obtainable under the FLSA and New York Law.

## FLSA COLLECTIVE OVERTIME ALLEGATIONS
### (As to COUNT ONE)

43.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 42, as if fully rewritten herein.

44.     Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

**All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of three years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded.[3]**

---

[3] Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members she seeks to have the Court serve notice based upon further investigation and discovery.

45.    Such persons are "similarly situated" with respect to Defendant's FLSA violations, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, all were subjected to Defendant's unlawful rounding/editing and time manipulation policies, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

46.    Plaintiff Abbott-Marsh and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed a substantial number of overtime hours of working for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked. Plaintiff Abbott-Marsh will prosecute this action vigorously on their behalf.

47.    Plaintiff Abbott-Marsh and other members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff Abbott-Marsh and other members of the FLSA Collective are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

48.    Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of

similarly-situated persons but avers, upon information and belief, that the group of potential FLSA

Collective members consist of approximately one hundred or more persons.

## NEW YORK CLASS ACTION ALLEGATIONS
### (As to COUNTS TWO through FIVE)

49.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

through 42, as if fully rewritten herein.

50.    Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on

behalf of herself and a group of employees of Defendant who assert claims under New York Labor

Law (referred to herein as the "State Law Class"), defined as:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant in New York during the period of six years preceding the commencement of this action to the present who were not paid for all non-overtime and/or overtime hours worked by virtue of having their time rounded and/or edited.**

51.    There are questions of law or fact common to the State Law Class, including but

not limited to:

(a) Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their overtime hours worked at the overtime rates required to be paid, as well as wages for their non-overtime hours worked but not paid, in violation of New York Labor Law § 160 and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2 and/or constituted improper wage deductions in violation of New York Labor Law § 193.

(b) Whether Defendant's failure to pay proper overtime wages violated the pay provisions of New York Labor Law § 191;

(c) Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation was a willful violation of federal and/or state law and/or whether Defendant had a good faith basis to believe it was in compliance with NYLL, entitling Plaintiff and other members of the State Law Class to other damages pursuant to NYLL § 198;

(d) What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay all compensation, including overtime and non-overtime compensation, owed when the wages were required to be paid.

(e) Whether Plaintiff and other members of the State Law Class are entitled to declaratory and/or injunctive relief in order to rectify, both for the past and on a going forward basis, Defendant's violation of the provisions of New York's labor laws, as set forth above.

52.    Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

53.    The State Law Class, outlined above, is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately one hundred or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and New York law, as set forth above.

54.    Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

55.    The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

56.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and

demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

<u>**COUNT ONE**</u>
**(FLSA Overtime Violations)**
***On Behalf of Plaintiff and the FLSA Collective***

57.    Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 48 as if fully rewritten herein.

58.    At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

59.    Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

60.    Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

61.    The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq.*, apply to Defendant.

62.    At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiff and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

63.    As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has

violated and, continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

64.    As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

65.    As a result of Defendant's policy and practice of rounding and editing time records in order to pay payroll at a rate less than what is owed its employees, Defendant knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

66.    As a result of Defendant's  FLSA violations, Plaintiff, on behalf of herself and the FLSA Collective members, is entitled to (a) recover from Defendant unpaid wages for all of the hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

67.    Defendant's violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**COUNT TWO**
**(Overtime - New York Labor Law Violations)**
*On Behalf of Plaintiff and the State Law Class*

68.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 42 and 49 through 56, as if fully rewritten herein.

69.     Plaintiff brings this claim for violation of New York law, NYLL § 160 and 12 NYCRR § 142-2.2, on behalf of herself and the members of the State Law Class, as previously defined.

70.     At all relevant times, Plaintiff and State Law Class members were employed by Defendant within the meaning of the NYLL §§ 2 and 651.

71.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

72.     Defendant suffered and permitted Plaintiff and members of the State Law Class to perform work on its behalf which regularly totaled more than forty (40) hours per week.

73.     Defendant failed to pay Plaintiff and members of the State Law Class overtime pay for the hours that they worked over forty (40) per week.

74.     As a result of Defendant's violation of New York Labor Law, Plaintiff and the members of the State Law Class are entitled to recover from Defendant their overtime pay for all hours worked in excess of forty per week at one and one-half times their regular rate. Plaintiff and members of the State Law Class are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the New York Labor Law.

## COUNT THREE
### (Wage Deductions - New York Labor Law Violations)
### *On Behalf of Plaintiff and the State Law Class*

75.    Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 42 and 49 through 56, as if fully rewritten herein.

76.    Plaintiff brings this claim for violation of New York law, NYLL § 193(1), on behalf of herself and the members of the State Law Class, as previously defined.

77.    At all relevant times, Plaintiff and State Law Class members were employed by Defendant within the meaning of the NYLL §§ 2 and 651.

78.    NYLL § 193(1)(a) and (b) provide that "No employer shall make any deduction from the wages of an employee, except deductions which… are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency including regulations promulgated under paragraph c and paragraph d of this subdivision; or are expressly authorized in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductions will be made."

79.    Defendant willfully violated NYLL § 193(1) by failing to pay Plaintiff for all overtime and non-overtime hours worked due to Defendant's implementation of time rounding/editing policies and/or practices, and/or other time manipulation procedures in conformity with these policies/practices.

80.    As a result of Defendant's violation of New York Labor Law, Plaintiff and the members of the State Law Class are entitled to recover from Defendant unpaid wages due to rounding; unpaid overtime premiums for hours worked over forty (40), including when Defendant

paid overtime on a straight-time basis; liquidated damages; statutory penalties, damages for unreasonably delayed payments; reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL.

## COUNT FOUR
### (Failure to Pay Wages In a Timely Manner – New York Labor Law)
### *On Behalf of Plaintiff and the State Law Class*

81.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 42 and 49 through 56, as if fully rewritten herein.

82.     At all relevant times, Plaintiff and State Law Class members were employed by Defendant within the meaning of the NYLL §§ 2 and 651.

83.     Pursuant to the New York Labor Law, each employer shall pay all nonexempt employees for all hours worked, and one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

84.     Plaintiff and the State Law Class are non-exempt employees entitled to pay for all hours worked and overtime compensation for all hours worked in excess of forty (40) per workweek.

85.     NYLL § 191 provides that manual workers employed by a nonprofit-making organization and clerical workers shall be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly.

86.     Plaintiff and the State Law Class did not receive accurate or timely hourly compensation and overtime compensation from Defendant that reflected the actual hours they worked in each pay period, in violation of NYLL § 191.

87.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the State Law Class have suffered a loss of income and other damages.

88.    As a result of Defendant's violation of New York Labor Law, Plaintiff and the members of the State Law Class are entitled to recover from Defendant the wages or expenses that were not paid, liquidated damages equal to the full amount of wages owed, pre-judgment interest at the annual rate of nine percent (9%), court costs, and attorneys' fees incurred in recovering the unpaid wages.

## COUNT FIVE
**(Failure to Provide Proper Wage Statements – New York Labor Law)**
***On Behalf of Plaintiff and the State Law Class***

89.    Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 42 and 49 through 56, as if fully rewritten herein.

90.    NYLL § 195(3) provides that an employer shall "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage …For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

91.    Defendant knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by NYLL § 195(3). Defendant failed to provide wage statements with the correct payment as required by NYLL § 195(3).

92.    As a result of Defendant's violation of New York Labor Law, Plaintiff was compelled to spend time and expense, and Plaintiff and the members of the State Law Class are

entitled to recover from Defendant damages of two hundred fifty dollars for each workday that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees pursuant to NYLL § 198 (1-d).

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and other members of the FLSA Collective and the State Law Class, as applicable, pray that this Honorable Court:

A.    Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B.    Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C.    Conditionally certify the putative FLSA Collective and provide Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of FLSA Collective and enabling them to opt in;

D.    Toll the statute of limitations for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F.    Enter judgment against Defendant, and in favor of Plaintiff, the FSLA Collective, and the members of the State Law Class, declaring that Defendant's activities, as alleged herein, violate the FLSA and New York law and enjoining Defendant from continuing to violate the FLSA and New York law, as well as awarding the relief set forth immediately below;

G.    Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H.    Award Plaintiff and other members of the State Law Class all damages allowed by New York law, including but not limited to NYLL § 198;

I.    Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

J.    Award Plaintiff, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K.    Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully submitted,

*s/ Seth R. Lesser*
Seth R. Lesser
Christopher M. Timmel
Sarah Sears*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
christopher.timmel@klafterlesser.com

Joseph F. Scott *
Ryan A. Winters *
**SCOTT & WINTERS LAW FIRM, LLC**
Telephone: (216) 912-2221
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II *
**SCOTT & WINTERS LAW FIRM, LLC**
Telephone: (216) 912-2221
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF, PROPOSED FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED FED. R. CIV. P. 23 CLASS COUNSEL*

\* *PRO HAC VICE* TO BE FILED

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.

*s/ Seth R. Lesser*

Seth R. Lesser
