UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATELYN ABBOTT-MARSH, *individually*
*and on behalf of a class of similarly*
*situated individuals*

                              Plaintiff,

                                                              Case # 23-CV-6685-FPG

v.

                                                                DECISION AND ORDER

ARNOT HEALTH, INC.

                              Defendant.
_____

## INTRODUCTION

Plaintiff Katelyn Abbott-Marsh, on behalf of herself and all others similarly situated, brings this action for damages, alleging various violations of the Fair Labor Standards Act, New York labor Laws ("NYLL"), and New York Wage Theft Act. ECF No. 1. Currently pending before this Court is Defendant's motion to dismiss count three of the complaint, which alleges that Defendant made unlawful deductions to Plaintiff's wages. ECF No. 9. For the following reasons, Defendant's motion is DENIED.

## LEGAL STANDARD

To succeed on a motion to dismiss under Rule 12(b)(6), the defendant must show that the complaint contains insufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim is plausible when the plaintiff pleads sufficient facts that allow a court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility "is not akin to a probability requirement." *Id.* Instead, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted). A pleading that consists of

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

## DISCUSSION

Plaintiff makes the following claims in Count three of her complaint:

Kronos, which is Defendant's timekeeping software, "automatically deducts thirty (30) minutes from each shift over six (6) hours worked by Plaintiff and the members of the FLSA Collective and State Law Class due to the meal break requirements . . . However, Defendant Arnot frequently requires Plaintiff Abbott-Marsh and members of the FLSA Collective and State Law Class to skip or otherwise work through these unpaid thirty-minute breaks. The deduction is not corrected in Kronos when this occurs."

"Defendant willfully violated NYLL § 193(1) by failing to pay Plaintiff for all overtime and non-overtime hours worked due to Defendant's implementation of time rounding/editing policies and/or practices, and/or other time manipulation procedures in conformity with these policies/practices."

ECF No. 1 ¶¶ 32-33, 79.

Defendant moves to dismiss count three of Plaintiff's complaint for failing to state a claim under NYLL § 193. Specifically, Defendant argues that "to state a viable claim under NYLL § 193 'a plaintiff must allege a specific deduction from wages and not merely a failure to pay wages.'" ECF No. 9-1 at 5 (citing *Goldberg v. Jacquet*, 667 Fed. App'x 313, 314 (2d Cir. 2016)). The Court disagrees.

Although Defendant cites a case from the Second Circuit, which customarily binds district courts within this circuit, *Goldberg* is not binding on this Court for two reasons. First, *Goldberg* is a summary order and "do[es] not have precedential effect." Second Circuit Local Rule 32.1.1(a). Second, and more importantly, the claim at issue is one of New York state law. In cases where New York law is involved, federal district courts "are bound, of course, by the law of New York as interpreted by the New York Court of Appeals." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013).

The New York Court of Appeals has directly addressed whether Section 193 of the New York Labor Laws covers claims of unpaid wages. Specifically, in *Ryan v. Kellogg*, the New York Court of Appeals held that "[defendant]'s neglect to pay [plaintiff] [a] bonus violated Labor Law § 193." *Ryan v. Kellogg Partners Institutional Servs.*, 19 N.Y.3d 1, 16 (2012). Since the decision in *Ryan v. Kellogg*, New York courts have consistently held that unpaid wage claims fall within the reach of section 193. *See, e.g., Costello v Curan & Ahlers, LLP*, 2024 NY Slip Op 00757, *2 (2d Dep't Feb. 14, 2024) (plaintiff stated a cause of action to recover damages for violations of Labor Law § 193 based on allegations that the firm failed to pay a portion of his salary and nondiscretionary bonuses); *Zinno v Frank J. Schlehr, M.D., P.C.*, 175 A.D.3d 843, 844 (4th Dep't 2019) (awarding plaintiff summary judgment under Labor Law § 193 where plaintiff demonstrated defendant failed to pay plaintiff additional compensation he earned during his employment with defendant medical group); *Ackerman v. NY Hosp. Med. Ctr. of Queens*, 127 A.D.3d 794, 795 (2d Dep't 2015) (affirming denial of motion to dismiss Section 193 cause of action where complaint stated plaintiff was an employee of the defendant hospital, his wages were determined on the basis of time, and that portions of the wages and overtime compensation that he had earned were improperly withheld by the hospital in violation of Section 193).

Defendant cites other New York state court cases that take a different approach. *See e.g.*, *Perella Weinberg Partners, LLC v. Kramer*, 153 A.D.3d 443, 449 (1st Dep't 2017) (holding that plaintiff's "claims were correctly dismissed because a wholesale withholding of payment is not a 'deduction' within the meaning of Labor Law § 193) (citations omitted). However, *Perella* and other cases like it, are only decisions of intermediate appellate courts and are only persuasive on the state law issue. The binding authority is the decision of the Court of Appeals, which clearly states that an unpaid wage claim falls within the reach of section 193.

Here, Plaintiff specifically alleged that she performed work for which Defendant did not pay her, either through a policy of requiring her to work during unpaid breaks or because of the rounding/editing policies. ECF No. 1 ¶¶ 32-33, 79. Plaintiff has, therefore, alleged a violation of Section 193, which is a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss count three of the complaint (ECF No. 9) is DENIED. Defendant shall answer count three of Plaintiff's complaint on or before June 18, 2024.

IT IS SO ORDERED.
Dated: May 28, 2024
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York